|   |   |
|---|---|
| SCOTT H., | |
| Plaintiff, | CASE NO. C19-5130-MAT |
| v. | |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] He has a GED, and previously worked as a granite

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

and marble fabricator, installer, and cutter. (AR 42, 55-58.)

Plaintiff applied for DIB in April 2013. (AR 134-40.) That application was denied and Plaintiff timely requested a hearing. (AR 85-87, 89-90, 93-94.)

On February 17, 2015, ALJ Jo Hoenninger held a hearing in Portland, Oregon, taking testimony from Plaintiff and a vocational expert (VE). (AR 36-62.) On March 26, 2015, the ALJ issued a decision finding Plaintiff not disabled before his date last insured (DLI), June 30, 2008. (AR 20-30.) The Appeals Council denied Plaintiff's request for review on August 26, 2016 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which granted the parties' stipulation to reverse the Commissioner's decision and remand for further proceedings. (AR 518-22.) The Appeals Council instructed the ALJ to consider certain evidence and take other action as warranted. (AR 525-28.)

The ALJ held a second hearing on June 20, 2018, in Portland, Oregon. (AR 456-86.) The ALJ again found Plaintiff not disabled before the DLI, in a decision issued October 24, 2018. (AR 435-48.) Plaintiff now requests judicial review of this final decision of the Commissioner.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had had worked between the alleged onset date and the DLI, but that this work did not rise to the level of substantial gainful activity. (AR 438.) At step two, it must be determined whether a claimant

suffers from a severe impairment. The ALJ found that through the DLI, Plaintiff's lumbar degenerative disc disease status post laminectomy with radiculitis and lumbago was a severe impairment. (AR 438-40.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that through the DLI, Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 440.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing light work with additional limitations: he could stand and walk one half hour at one time, and up to six hours total in an eight-hour workday. He could sit for one half hour at a time and up to six hours total in an eight-hour workday. He could occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He could occasionally balance, stoop, kneel, crouch, and crawl. He should have avoided concentrated exposure to extreme cold, vibration, and hazards, such as unprotected heights and exposed moving mechanical parts. (AR 440.) With that assessment, the ALJ found that through the DLI, Plaintiff was unable to perform past relevant work. (AR 446.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found that through the DLI, Plaintiff was capable of transitioning to representative occupations, such as assembler, packager/sorter, and cashier. (AR 446-47.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, and (2) assessing certain medical evidence and opinions.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony because (1) the medical record did not fully corroborate Plaintiff's allegations; (2) Plaintiff received conservative treatment and experienced improvement; and (3) Plaintiff's testimony suggested that he believed he was disabled because he could not perform his prior work, but did not indicate he would be incapable of performing any work. (AR 440-44.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court agrees, for the following reasons.

The ALJ's first reason does not pass muster because the ALJ did not specifically explain how the medical record is inconsistent with Plaintiff's allegations: a mere summary of the medical record (AR 441-43) does not amount to a clear and convincing reason to discount Plaintiff's

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 11 at 17-18. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

allegations. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015).

Second, although the ALJ contended that Plaintiff's symptoms "improved" with conservative treatment, the ALJ did not point to evidence showing that Plaintiff had improved to a point that was inconsistent with his allegations. (AR 443.) Without a specific contrast between Plaintiff's improved condition and his allegations, the improvement does not necessarily contradict Plaintiff's allegations.

Lastly, even if, as the ALJ found (AR 444), Plaintiff focused his hearing testimony on why he could not perform his past work (but did not explain why he could not perform any work at all), this focus does not logically suggest that Plaintiff's allegations of disability are not reliable. The ALJ indeed agreed with Plaintiff that he could not perform his past work (AR 446), and thus this portion of the ALJ's reasoning does not explain why Plaintiff's testimony should be discounted.

Because the ALJ failed to provide clear and convincing reasons to discount Plaintiff's testimony, the ALJ must reconsider Plaintiff's allegations on remand.[3]

### Medical evidence

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate

---

[3] Although Plaintiff requests a remand for a finding of disability in the alternative (Dkt. 11 at 18-19), the Court declines to order such a remedy, where administrative proceedings would serve the useful purpose of clarifying medical opinions, as explained *infra*.

reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The Appeals Council instructed the ALJ to consider two opinions written by treating physician John Luckwitz, M.D., on remand. (AR 444-45.) In March 2014, Dr. Luckwitz opined that Plaintiff

> is clearly unable to perform any physical jobs due to a combination of significant low back pain and bilateral shoulder pain. However, he is also unable to sit for more than 15 minutes at a time due to his low back pain. This limits his ability to perform even sedentary job descriptions.

(AR 418-19.) The ALJ gave little weight to this opinion, finding it (1) vague in that "physical jobs" is undefined; (2) inconsistent with Plaintiff's testimony at the first hearing describing his ability to drive 45 minutes one way to a doctor's appointment; and (3) inconsistent with medical evidence pertaining to Dr. Luckwitz's treatment during the adjudicated period, which showed a lack of complaints of shoulder pain and intact gait and leg strength. (AR 444-45.)

In March 2015, Dr. Luckwitz opined:

> At that time (June 8, 2008), I consider [Plaintiff] to be medically disabled. His low back pain prevents him from doing the heavy labor that was necessary for his work in construction. In addition, his constant low back pain makes him unable to sit for prolonged periods, ruling out a sedentary job. His shoulder pain and limitation also significantly limit any job prospects as well.

(AR 431.) The ALJ gave partial weight to this opinion, crediting Dr. Luckwitz's opinion that Plaintiff could not perform his past construction work, but discounting the remainder of the opinion because (1) "prolonged periods" is not a defined term, and Plaintiff himself testified that he could drive for 45 minutes to a doctor's appointment, and the ALJ's RFC allows Plaintiff to change position every 30 minutes; (2) whether a person is disabled is an issue reserved to the Commissioner; and (3) Dr. Luckwitz's opinion is inconsistent with his own treatment record,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

which does not indicate any complaints of shoulder pain during the adjudicated period. (AR 445.)

The Court finds that the ALJ erred in discounting Dr. Luckwitz's 2014 and 2015 opinions on account of vagueness in his terminology and/or the applicable time period, because Dr. Luckwitz was uniquely positioned as a treating provider of longstanding duration. The ALJ should have further developed the record by recontacting Dr. Luckwitz to clarify his opinion regarding Plaintiff's exertional limitations during the adjudicated period. On remand, the ALJ shall recontact Dr. Luckwitz to seek clarification on these issues and reconsider the opinions in light of the clarification.[4]

Plaintiff also contends that the ALJ erred in purporting to give great weight to a State agency opinion, but also finding Plaintiff to be more limited than the State agency consultant found him to be. (AR 444.) This argument fails to suggest harmful error, because the ALJ explicitly found Plaintiff to be more limited than the State agency consultant did. Although Plaintiff notes that in the prior decision, the ALJ found that the State agency consultant overestimated Plaintiff's RFC (Dkt. 13 at 6 (citing AR 28)), in the current decision the ALJ found essentially the same thing when she stated that she found Plaintiff to be "more limited than [the consultant] assessed[.]" (AR 444.) Thus, Plaintiff has failed to establish harmful error in the ALJ's assessment of the State agency opinion.

---

[4] The ALJ also described an earlier note written by Dr. Luckwitz in 2012 as touching on an issue reserved to the Commissioner. (AR 444.) In that note, Dr. Luckwitz indicated his "full support" for Plaintiff's disability application and referred him to another provider for a "formal evaluation of a disability." (AR 338.) To the extent this note constitutes an opinion that Plaintiff is disabled, the ALJ reasonably found that this opinion touches on an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1). The ALJ also reasonably found that this opinion pertains to Plaintiff's condition in 2012, rather than during the adjudicated period, because Dr. Luckwitz's note addresses Plaintiff's current state of low back pain, rather than his condition prior to July 2008. (AR 444.) Accordingly, the Court finds no error in the ALJ's assessment of Dr. Luckwitz's 2012 treatment note.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 7th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge